**STATE ex rel. ST. LOUIS POST-DISPATCH, LLC, Relator,**

v.

**The Honorable John F. GARVEY, Respondent.**

No. SC 86952.

Supreme Court of Missouri, En Banc.

Dec. 20, 2005.

---

the proceedings to the public. Respondent sustained the juvenile's motion over the objections of the Post–Dispatch and KSDK. The Post–Dispatch and KSDK filed a petition for a writ of prohibition.

The Post–Dispatch and KSDK argue that section 211.171.6 permits public access to all stages of juvenile cases in which the juvenile is alleged to have committed a class A or B felony. Respondent maintains that section 211.171.1, which sets forth the procedure to be followed "at the hearing," limits public access to the certification hearing in which it is determined whether the juvenile will be charged as an adult.

Joseph A. Martineau, Brandy B. Barth, Benjamin A. Lipman, St. Louis, for Relator.

Gerald R. Ortbals, Jane E. Dueker, John R. Phillips, St. Louis, for Intervenor.

Anthony J. Sestric, St. Louis, for Respondent.

PER CURIAM.

The issue in this case is whether the St. Louis Post–Dispatch, LLC, and Multimedia KSDK, Inc. Newschannel 5 are entitled to a writ of prohibition preventing the Honorable John F. Garvey (respondent) from closing the proceedings in a juvenile case pursuant to section 211.171, RSMo Supp.2004. After an opinion by the Court of Appeals, Eastern District, this Court granted transfer. *Mo. Const. art. V, sec. 10.*

### FACTS

Respondent is presiding over a juvenile case in which the juvenile is alleged to have committed acts that would be murder in the first degree if committed by an adult. The juvenile filed a motion to close

## ANALYSIS

### I. *Standing*

■ A writ of prohibition may be issued when a party raises an important constitutional issue and has no other adequate legal remedy to pursue the issue. *State ex rel. Pulitzer, Inc. v. Autrey*, 19 S.W.3d 710, 712 (Mo.App.2000). Although neither the Post–Dispatch nor KSDK are parties to the underlying juvenile case, each has standing to seek a writ because the right of access sought to be protected is one owing to the entire public, thus reducing the interest necessary to confer standing. *See Pulitzer Publishing Co. v. Transit Casualty Co.*, 43 S.W.3d 293, 299 (Mo. banc 2001).

### II. *Section 211.171*

■ In section 211.171.6, the General Assembly provided that the best interest of a juvenile charged with a crime is usually served by limiting public access to the proceedings. The statute provides that:

The general public shall be excluded and only such persons admitted as have a direct interest in the case or in the work of the court *except in cases where the*

*child is accused of conduct which, if committed by an adult, would be considered a class A or B felony;* or for conduct which would be considered a class C felony, if the child has previously been formally adjudicated for the commission of two or more unrelated acts which would have been class A, B or C felonies, if committed by an adult. (Emphasis added).

Section 211.171.6 establishes a rule generally excluding the public from all juvenile proceedings, while specifically exempting from mandatory closure those cases in which the juvenile is accused of conduct that would be a class A or B felony. Although section 211.171.1 refers to the procedure to be followed "at the hearing," section 211.171.6 deals specifically with public access to the proceedings and contains no language limiting access to "the hearing" or the "certification hearing." Section 211.171.6 refers instead to "cases" in which the child is accused of conduct that would be a class A or B felony. The statute does not limit public access to a particular phase of the proceedings. It provides for access to the entire case.

### CONCLUSION

The juvenile in this case is charged with conduct that, if committed by an adult, would constitute a class A felony. Consequently, the general rule requiring the exclusion of the public from juvenile proceedings is not applicable in this case.

A peremptory writ of prohibition shall issue directing the respondent to vacate his March 3, 2005, order sustaining the motion to close the hearings in the underlying cause and prohibiting him from closing any other hearings in said cause except as provided by law.

WOLFF, C.J., LAURA DENVIR, STITH, PRICE, LIMBAUGH and

RUSSELL, JJ., concur; RICHARD B. TEITELMAN, J., concurs in separate opinion filed; WHITE, J., concurs in opinion of RICHARD B. TEITELMAN, J.; WHITE, J., concurs in separate opinion filed.

RICHARD B. TEITELMAN, Judge, concurring.

I concur and write separately to emphasize that section 211.171.6 does not prohibit the circuit court from restricting public access to the case. The circuit court retains the discretion to limit public access to the proceedings to the extent that such access is contrary to the best interests of the juvenile or will impede the provision of a fair trial.

In pertinent part, section 211.171.6 provides that the "public shall be excluded ... except in cases where the child is accused of conduct which, if committed by an adult, would be considered a class A or B felony...." As the per curiam opinion notes, the statute establishes a rule generally excluding the public from all juvenile proceedings, while specifically exempting from mandatory closure those cases in which the juvenile is accused of conduct that would be a class A or B felony if committed by an adult. However, it is important to emphasize that the specific exemption of a certain class of cases from mandatory closure does not necessarily entail mandatory public access. The negative does not prove the positive.

This case is being adjudicated within the juvenile courts established by chapter 211, RSMo 2000. The overall purpose of chapter 211 is to protect and safeguard the best interests of the juvenile, and the statute must be liberally construed to realize that purpose. Section 211.011. Accordingly, section 211.171.6 does not eliminate the circuit court's discretion to limit or exclude public access based upon a

finding that the best interests of the juvenile would be served by such limitation or exclusion. Additionally, the right of the general public to have access to the proceedings must always be balanced by the defendant's right to a fair trial. *State ex rel. Pulitzer, Inc. v. Autrey,* 19 S.W.3d 710, 712 (Mo.App.2000). I would hold that the respondent retains the discretion to close the proceedings based upon a finding either that such closure would protect the juvenile's best interests or that public access would prejudice the juvenile's right to a fair trial.

RONNIE L. WHITE, Judge, concurring.

I concur with the principal opinion. I write separately only to emphasize the last five words of the opinion, "except as provided by law," that acknowledges the wisdom of our legislature in its astute drafting of section 211.171. The legislature was wise, because while providing an exception to the normal mandatory public exclusion in juvenile matters in instances where a juvenile faces severe felony charges, it correctly did not make the application of that exception mandatory in all instances, thereby abridging the defendant's constitutional right to a fair trial.

"While it is clear the public has a right of access to criminal proceedings, the Supreme Court has held that right is qualified and must be carefully balanced with the defendant's absolute Sixth Amendment right to a fair trial."[1] "[E]ven when a right of access attaches, it is not absolute."[2] "While open criminal proceedings give assurances of fairness to both the public and the accused, there are some limited circumstances in which the right of the accused to a fair trial might be undermined by publicity." "In such cases, the trial court must determine whether the situation is such that the rights of the accused override the qualified First Amendment right of access."[3]

"To safeguard the due process rights of the accused, a trial judge has an affirmative constitutional duty to minimize the effects of prejudicial pretrial publicity," and he or she "may surely take protective measures even when they are not strictly and inescapably necessary."[4] Publicity concerning pretrial hearings, in particular, poses special risks of unfairness because that may "influence public opinion against a defendant and inform potential jurors of inculpatory information wholly inadmissible at the actual trial."[5] "Closure of pretrial proceedings is often one of the most effective methods that a trial judge can employ to attempt to insure that the fairness of a trial will not be jeopardized by the dissemination of such information throughout the community before the trial itself has even begun."[6]

It should be noted that that section 211.011, entitled, "Purpose of law—how construed," provides:

The purpose of this chapter is to facilitate the care, protection and discipline of children who come within the jurisdiction of the juvenile court. This chapter shall be **liberally construed**, therefore, to the end that each child coming within

1. *State ex rel. Pulitzer, Inc. v. Autrey,* 19 S.W.3d 710, 713 (Mo.App.2000).

2. *Press–Enterprise Co. v. Superior Court of California for County of Riverside,* 478 U.S. 1, 9, 106 S.Ct. 2735, 92 L.Ed.2d 1 (1986).

3. *Id.*

4. *Gannett Co. v. DePasquale,* 443 U.S. 368, 378–379, 99 S.Ct. 2898, 61 L.Ed.2d 608 (1979).

5. *Id.*

6. *Id.*

the jurisdiction of the juvenile court shall receive such care, guidance and control as will conduce to the child's welfare and the best interests of the state, and that when such child is removed from the control of his parents the court shall secure for him care as nearly as possible equivalent to that which should have been given him by them. **The child welfare policy of this state is what is in the best interests of the child.**

Our legislature was wise to retain the trial court's discretion to close any proceedings when required for the protection of the juvenile's Sixth Amendment right to receiving a fair trial. The trial court has an affirmative duty to close proceedings when justice so demands and must do so in conformity with the child welfare policy of this state when the best interests of the child so require.